Circuit Court for Harford County
Case No. C-12-CV-22-000857
Argued: April 4, 2023

IN THE SUPREME COURT

OF MARYLAND*

No. 38

September Term, 2022

_____

JACOB BENNETT

V.

HARFORD COUNTY, MARYLAND

_____

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

_____

PER CURIAM ORDER

_____

Filed: April 5, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

* At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland.  The name change took effect on December 14, 2022.

|  | * | IN THE |
|---|---|---|
| JACOB BENNETT | * | SUPREME COURT |
| v. | * | OF MARYLAND |
| HARFORD COUNTY, MARYLAND | * | No. 38 |
|  | * | September Term, 2022 |
|  | * | |

PER CURIAM ORDER

Upon consideration of the filings by Jacob Bennett, the appellant, and Harford County, Maryland, the appellee, and oral argument conducted on April 4, 2023,

Whereas, Mr. Bennett is a teacher in Harford County Public Schools and is in the employ of the Harford County Board of Education; and

Whereas, in the 2022 General Election for Harford County Council Members, Mr. Bennett won election to serve as the Councilmember for District F; and

Whereas, on December 9, 2022, Harford County brought suit in the Circuit Court for Harford County seeking a declaratory judgment that Mr. Bennett is not qualified to serve on the Harford County Council while employed as a teacher by the Harford County Board of Education and an injunction barring him from serving on the Council; and

Whereas, on December 21, 2022, Mr. Bennett answered the County's complaint, contending that he is not an employee of the County or of the State, but of the County Board of Education; and

Whereas, on the same day, Mr. Bennett filed a counter-claim against the County, seeking injunctive relief enjoining the County from preventing him from being a member

of the County Council, a writ of mandamus requiring the County to onboard him, and declaratory relief establishing that § 207 of the Harford County Charter does not disqualify him from serving as a Member of the County Council by virtue of him working for the County Board of Education as a public school teacher; and

Whereas, Section 207 of the Harford County Charter provides, in relevant part: "During the term of office, the Council member shall not hold any other office of profit or employment in the government of the State of Maryland, Harford County, or any municipality within Harford County"; and

Whereas, on February 15, 2023, after a hearing, the circuit court ruled that Section 207 and the doctrine of incompatible positions precluded Mr. Bennett from serving on the Harford County Council while employed as a teacher by the Harford County Board of Education. On the same day, the circuit court entered a declaratory judgment and order in which it: (1) declared that Section 207 "applies to public school teachers employed by the Harford County Board of Education"; (2) declared that Mr. Bennett, due to his employment with the Harford County Board of Education, "is not qualified to be a member of the Harford County Council"; (3) ordered Mr. Bennett to "cure his lack of qualification . . . by terminating his employment with the Harford County Board of Education"; and (4) enjoined Mr. Bennett from acting as a member of the Harford County Council "unless and until he cures his lack of qualification"; and

Whereas, Mr. Bennett noted an appeal from the circuit court's judgment and thereafter sought review in this Court by filing a petition for writ of certiorari, which this Court granted; and

2

Whereas, the parties jointly moved for expedited consideration of this matter, which this Court also granted; and

Whereas, on April 4, 2023, this Court held oral argument,

Now, therefore, for reasons to be stated later in an opinion to be filed, it is this 5th day of April, 2023, by the Supreme Court of Maryland, a majority of the Court concurring,

ORDERED, that the Declaratory Judgment and Order issued by the Circuit Court for Harford County on February 15, 2023 is hereby REVERSED; and it is further

ORDERED, that neither Section 207 of the Harford County Charter nor the doctrine of incompatible positions precludes Mr. Bennett from serving as a member of the Harford County Council while simultaneously being employed as a teacher by the Harford County Board of Education; and it is further

ORDERED, that this case is remanded to the Circuit Court for Harford County for entry of: (1) a declaratory judgment that Mr. Bennett is qualified to serve as a member of the Harford County Council while simultaneously being employed as a teacher by the Harford County Board of Education; and (2) any injunctive relief that may be necessary and appropriate to implement and enforce that declaratory relief; and it is further

ORDERED, that costs are to be paid by Harford County and the mandate is to issue forthwith.

    /s/ Matthew J. Fader
Chief Justice

3